REC'D & FILED
MASON CO. WA.

2020 SEP 28 A II: 17

SHARON K. FOGO CO. CLERK

BY_____DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON**

| | |
|---|---|
| MARGARET HERNANDEZ,,<br>　　　　　　　　Plaintiff,<br>v.<br>SAFEWAY INC., a foreign corporation doing business in the State of Washington,<br>　　　　　　　　Defendant. | NO.: **20-2-00429-23**<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the Plaintiff, by and through her attorneys, GSJones Law Group, PS, and complains and alleges as follows:

### I. PARTIES

**I.　　PARTIES JURISDICTION AND VENUE**

1.1.　　Plaintiff, MARGARET HERNANDEZ, is a resident of Belfair, Mason County, Washington.

1.2.　　Defendant, SAFEWAY, INC. (hereinafter, Safeway), is a foreign corporation doing business in Mason County, State of Washington.

1.3.　　<u>Jurisdiction</u>.  This case claims damages arising out of an incident at 23961 NE State SR 3, Belfair, Washington.  Safeway is a retail store.

*COMPLAINT FOR DAMAGES -1*

**GSJONES LAW GROUP, P.S.**
**1155 Bethel Avenue
Port Orchard, Washington 98366
Telephone: (360) 876-9221 ◆ Fax: (360) 876-5097**

1.5     Venue. The event complained of occurred in Mason County, Washington at the subject location. Venue is therefore proper in Mason County.

## II. FACTUAL BACKGROUND

2.1.    Date of Incident. On or about October 15, 2017 Plaintiff was a customer at the above Safeway store.

2.2.    Nature of Occurrence. October 15, 2017 Plaintiff went inside Safeway to go shopping. She approached a free standing heated food dispenser. As she stepped away from her basket to inspect the food on display she slipped on the floor losing her balance. She gyrated wildly with her feet splaying in all directions as she struggled to remain upright and regain her balance. She regained her balance and grasped the basket. The floor had a medium sized spill of grease. Her shoes were coated in grease. The plaintiff sustained an injury.

## III. NEGLIGENCE

3.1. Defendant's Violation of Duty to Use Ordinary Care. SAFEWAY violated its duty to exercise ordinary care to maintain, in a reasonably safe condition, those portions of their premises that Plaintiff was expressly and impliedly invited to use and might have reasonably expected to use.

3.2 Defendant Knew of Unreasonable Risk of Harm. knew or by the exercise of reasonable care should have discovered the puddle of grease and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

3.3. Defendant had a duty to repair the defect. Defendant SAFEWAY should have expected that the puddle of grease would continue to be a potential hazard and that it had a duty to clear and clean the area safe for normal usage without any form of hazard.

COMPLAINT FOR DAMAGES -2

**GSJONES LAW GROUP, P.S.**

**1155 Bethel Avenue
Port Orchard, Washington 98366
Telephone: (360) 876-9221 ⬥ Fax: (360) 876-5097**

3.4. <u>Defendant's Negligent Acts and Omissions Where a Proximate Cause of Injuries and Damages</u>. The Defendant's acts and omissions described herein where a direct and proximate cause of Plaintiff's injuries and damages alleged herein.

## IV. DAMAGES

4.1. <u>Personal Injuries</u>.  As a direct and proximate result of the negligence alleged herein, Plaintiff suffered severe physical injuries and is entitled to be compensated for her injuries.

4.2. <u>Medical Expenses and Out of Pocket Expenses</u>.  As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred medical expenses and other out of pocket expenses and is entitled to be compensated therefore.

4.3. <u>General Damages</u>.  As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered general damages and is entitled to be compensated therefore.

4.4. <u>Costs and Disbursements</u>.  Plaintiff is entitled to costs and disbursements herein.

## V. LIMITED PHYSICIAN/PATIENT WAIVER

5.1 Plaintiff hereby waives the physician-patient privilege ONLY to the extent required by RCW 5.60.060, as limited by the Plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

## VI. PRAYER FOR RELIEF

Wherefore, plaintiffs pray for relief as follows:

6.1..For an award of damages compensating Plaintiff for her physical injuries in an amount to be proven at trial.

*COMPLAINT FOR DAMAGES -3*

**GSJONES LAW GROUP, P.S.**
1155 Bethel Avenue
Port Orchard, Washington 98366
Telephone: (360) 876-9221 ❖ Fax: (360) 876-5097

6.2. For an award of damages compensating Plaintiff for her past medical and out-of-pocket expenses, in an amount to be proven at trial.

6.3. For an award of damages compensating Plaintiff for her past pain and suffering in an amount to be proven at the time of trial.

6.5. For an award of whatever further relief the court deems appropriate.

Dated this 25th day of September, 2020.

_____
JOHN GROSECLOSE, WSBA#29104
Attorney for Plaintiff

COMPLAINT FOR DAMAGES -4

**GSJONES LAW GROUP, P.S.**
1155 Bethel Avenue
Port Orchard, Washington 98366
Telephone: (360) 876-9221 ◈ Fax: (360) 876-5097